IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TIMOTHY SUMPTER, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> STATE OF KANSAS, ) <br> ) <br> Respondent. ) <br> ) <br> _____) | Case No. 19-3267-JWL |

## **MEMORANDUM AND ORDER**

By Memorandum and Order of September 10, 2020, the Court granted in part petitioner Timothy Sumpter's petition for relief pursuant to 28 U.S.C. § 2254. Specifically, the Court vacated petitioner's state-court aggravated kidnapping conviction, but it otherwise denied the petition. On the same date, the Court issued its judgment to that effect. Respondent State of Kansas has filed a notice of appeal from the judgment, and petitioner has filed a notice of cross-appeal. This matter presently comes before the Court on the State's motion for a stay of the judgment pending appeal (Doc. # 31). For the reasons set forth below, the Court **grants** the motion.

Fed. R. Civ. P. 62 authorizes a district court to stay a judgment. *See id.* The parties agree that in determining whether to issue a stay pending appeal, the Court should consider the following factors identified by the Supreme Court:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured

> absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*See Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). The Court considers each factor in turn.

The first factor does not weigh strongly in favor of a stay, as the Court stands by its ruling on the merits in favor of petitioner. The Court does note, however, that because that ruling turned on the decision not to afford the state court's ruling deference, the State at least has a non-frivolous basis for appeal.

With respect to the second factor, the State has shown that it may suffer irreparable harm absent a stay. The State has initiated an appeal, and absent a stay, it would be required to litigate that appeal while also pursuing the resentencing and retrial of petitioner. As the State notes, if the Tenth Circuit reverses this Court's ruling, any resentencing and retrial of petitioner that has already occurred would be nullified, and judicial and prosecutorial resources (and those of petitioner's counsel, whether it be his present *pro bono* counsel or a public defender) would have been wasted. Any resentencing or retrial could also be affected if petitioner were to succeed on his cross-appeal. A retrial concluding prior to the conclusion of the appeal could render the State's appeal moot. Judicial efficiency is best served in this case by allowing the appeal to be completed before proceedings are undertaken for petitioner's resentencing and retrial.

Applying the third factor, the Court concludes that the harm to the State absent a stay outweighs any harm to petitioner if a stay is granted. Petitioner argues that he could be deprived of liberty if the appeal is not concluded before he would have been released

under a revised sentence and an unsuccessful retrial by the State of the aggravated kidnapping charge. Petitioner has not addressed the likely result of an immediate resentencing, however. The State, on the other hand, has explained that, even if petitioner were presently resentenced without the vacated offense, he would not likely be released until at least 2023. Thus, a stay allowing for the appeal to be completed first does not carry any real risk that petitioner will be kept incarcerated at a time when he might otherwise have been free.

Petitioner also argues that he would suffer harm from the "legal limbo" of not knowing the ultimate result of a resentencing and a retrial. As the State points out, however, petitioner's fate would at any rate remain uncertain until the appeal is resolved, and the Court agrees with the State that a stay would not cause petitioner any substantial harm.

The Court concludes that the fourth factor weighs somewhat in favor of a stay, as the public has an interest in the efficient use of resources by its governmental bodies (in this case the court system and the prosecutorial arm of the State's Executive Branch and possibly the state public defender's office).

Based on these considerations, the Court concludes in its discretion that a stay of its judgment is warranted pending resolution of all appeals in this federal habeas case. It therefore grants the motion for a stay.[1]

---

[1] Petitioner has not requested a bond or any other form of security, and the Court declines to require one in this case.

IT IS THEREFORE ORDERED BY THE COURT THAT the motion by respondent State of Kansas for a stay of the judgment pending appeal (Doc. # 31) is hereby **granted**. The Court's judgment is stayed until all appeals in this habeas case have been resolved or until further order lifting the stay.

IT IS SO ORDERED.

Dated this 21st day of October, 2020, in Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge