IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TIMOTHY SUMPTER,             )
                                      )
                Petitioner,     )
                                        )
      v.                           )     Case No. 19-3267-JWL
                                        )
STATE OF KANSAS,           )
                                        )
                Respondent.    )
                                        )
_____)

## **MEMORANDUM AND ORDER**

On September 10, 2020, the Court granted in part and denied in part petitioner's habeas petition filed pursuant to 28 U.S.C. § 2254.  Respondent filed a notice of appeal from the judgment, and petitioner filed a notice of cross-appeal.  Petitioner, through *pro bono* counsel, has now filed a motion to proceed *in forma pauperis* (IFP) and without prepayment of fees or costs on appeal (Doc. # 52).

Because petitioner has failed to comply with the requirements for obtaining IFP status on appeal, the Court **denies** the motion.  Fed. R. App. P. 24(a)(1) provides that a party seeking such status must file a motion in the district court that includes an affidavit that "(A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal." *See id.*  Petitioner's motion includes an affidavit in which he states that he is presently incarcerated and has no assets

other than his prisoner account, which he does not control.  The affidavit does not include the detail required by Form 4, however, including asset and income information for both the movant and his spouse.  Nor does the affidavit (or the motion or counsel's own declaration) include a statement of the issues to be presented on appeal.  Petitioner has also failed to comply with 28 U.S.C. § 1915(a)(2), which provides that a prisoner seeking to appeal a civil judgment without prepayment of fees or security must file an affidavit with certain content and must submit a certified copy of a statement for his trust fund account for the last six months.  *See id.*

In her declaration, petitioner's counsel states that communication with petitioner has been difficult because of the ongoing pandemic and that the prison will not be able to provide an account statement for petitioner for months.  Any waiver of petitioner's IFP requirements, however, is more appropriately addressed by the Tenth Circuit.  *See* Fed. R. App. P. 24(a)(5) (IFP motion may be filed in the court of appeals within 30 days after notice of the district court's denial).

IT IS THEREFORE ORDERED BY THE COURT THAT petitioner's motion to proceed *in forma pauperis* on appeal (Doc. # 52) is hereby **denied**.  In accordance with Fed. R. App. P. 24(a)(4), the Clerk of the Court shall immediately give notice of this order to the parties and to the United States Court of Appeals for the Tenth Circuit.

IT IS SO ORDERED.

Dated this 27th day of October, 2020, in Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge

2