IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| TIMOTHY SUMPTER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 19-3267-JWL |
| | ) | |
| STATE OF KANSAS, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| _____ | ) | |

## **MEMORANDUM AND ORDER**

By Memorandum and Order of September 10, 2020, the Court granted in part petitioner Timothy Sumpter's petition for relief pursuant to 28 U.S.C. § 2254. On October 21, 2020, the Court granted the State's motion for a stay of the judgment pending appeal. Later that same day, petitioner filed a motion for reconsideration of the stay order (Doc. # 49). The Court **denies** the motion for reconsideration.

In its stay order, in considering the potential harm to petitioner from a stay, the Court rejected petitioner's argument that he could be deprived of liberty if the appeal is not concluded before he would have been released under a revised sentence and an unsuccessful retrial by the State of the aggravated kidnapping charge. The Court noted that despite making that argument, petitioner had not addressed the likely result of an immediate resentencing; while the State had explained that, even if petitioner were

presently resentenced without the vacated offense, he would not likely be released until at least 2023.

In his present motion, petitioner has argued that the Court committed "clear error" in accepting the State's resentencing calculation because the application of K.S.A. § 21-6819(b)(4) would prohibit such a lengthy sentence for the remaining convictions. In his reply brief, however, petitioner concedes that that statute would not actually apply in this case.

Petitioner also argues that the State has improperly assumed that the maximum term would be imposed for one conviction, and that a newly-imposed term of imprisonment cannot be predicted because the sentencing court would be entitled to consider mitigating factors, including petitioner's rehabilitation while in prison. Petitioner has not provided any evidence or explanation, however, concerning any such rehabilitation (for instance, concerning petitioner's disciplinary record while in prison), or otherwise demonstrated that a resentencing would likely be affected by mitigating factors. Under the State's calculation, if petitioner received the same sentences for the remaining convictions that were previously imposed, his sentence would still run into 2024, and even with good-time credits he would not be released until at least 2022. Thus, the Court did not clearly err in concluding that a stay pending appeal does not carry any real risk that petitioner will be kept incarcerated at a time when he might otherwise have been free. The Court remains persuaded that a stay is warranted, and it therefore denies petitioner's motion for reconsideration.

IT IS THEREFORE ORDERED BY THE COURT THAT petitioner's motion for reconsideration of the Court's stay order (Doc. # 49) is hereby **denied**.

IT IS SO ORDERED.

Dated this 12th day of November, 2020, in Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge
